IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL A. ALERS and<br>DENISE SZUSTOWICZ | : <br> : <br> : | CIVIL ACTION |
| Plaintiffs, | : <br> : | NO. 08-4745 |
| v. | : <br> : | |
| CITY OF PHILADELPHIA, et al. | : <br> : | |
| Defendants. | : | |

**MEMORANDUM**

**Jones, J.**                                                                 **August 26, 2009**

**I.      Introduction**

Plaintiffs allege that Defendants violated (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), (2) 42 U.S.C. § 1983, (3) 42 U.S.C. § 1981, (4) the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., (5) the Pennsylvania Human Relations Act, 43 P.S. §955, et seq. ("PHRA"), (6) the Pennsylvania Minimum Wage Act, 43 P.S. § 333, et seq., and (7) Emotional Distress [sic].  See Amended Complaint, *passim*.

On November 5, 2008, Defendants filed a Motion to Dismiss the Complaint in Part (Docket No. 11).  This matter was transferred to this Court's docket on November 13, 2008. Plaintiffs filed a response to Defendants' Motion on November 16, 2008 (Docket No. 13).  On May 18, 2009, the Court granted Plaintiffs leave to file an Amended Complaint (Docket No. 17). Plaintiffs did so on June 9, 2009.  Defendants once again filed a Motion to Dismiss in Part on June 29, 2009 (Docket No. 19).  Plaintiffs filed a response thereto on July 9, 2009.  In the same pleading, Plaintiffs included a Cross-Motion [sic] for Summary Judgment based on Defendants'

failure to timely respond to requests for admissions (Docket No. 20).  On July 24, 2009, Defendants filed a Motion to Withdraw Deemed Admissions (Docket No. 21).

Accordingly, currently before the Court are (1) Defendants' Motion to Dismiss in Part, (2) Plaintiffs' Cross-Motion [sic] for Summary Judgment and (3) Defendants' Motion to Withdraw Deemed Admissions.  These motions will be decided as follows.[1]

## II.  Facts

For purposes of the Motion to Dismiss in Part, the Court takes the facts as alleged by Plaintiffs in the Complaint.[2]

Miguel A. Alers ("Alers"), a Hispanic male, and Denise Szustowicz ("Szustowicz"), a white female, are police detectives serving the City of Philadelphia.  Defendants Charles Ramsey, Sharon Seaborough, Carol Abrams, Richard Brown, Christopher Flacco, Jack Gaitens,

---

[1] The Complaint and Motion briefing in this matter have been disappointing at best.  Like several courts before, the Court is compelled to note that Plaintiff's counsel's written submissions to date – *i.e.*, the Complaint and subsequent pleadings – are sorely lacking in clarity, organization, and support.  Cf. Hargraves v. City of Philadelphia, No. 05-CV-4759, 2007 U.S. Dist. LEXIS 31951, *1 (E.D. Pa. Apr. 26, 2007) (noting that Mr. Puricelli's complaint and subsequent pleadings were "almost incomprehensible"); Devore v. City of Philadelphia, No. 00-3598, 2004 U.S. Dist. LEXIS 3635, *2 (E.D. Pa. Feb. 20, 2004) (noting that Mr. Puricelli's written work was "careless to the point of disrespectful," could be described as "vague, ambiguous, unintelligible, verbose and repetitive," and caused the court to "expend an inordinate amount of time deciphering the arguments and responding accordingly").  Mr. Puricelli's submissions are, however, not the only poorly presented material in this case, as Defendants' counsel's pleadings have been severely lacking as well.  In sum, the totality of legal arguments presented to the court have been convoluted, have at times been incomprehensible, have often contained citations that are dubiously relevant (if at all) to stated propositions, and have frequently been of little assistance to the Court.  The parties are strongly cautioned that the Court expects a marked improvement in all future written submissions.

These deficiencies aside, the Court has expended considerable effort in an attempt to glean the relevant facts and legal claims/arguments for the purposes of deciding the outstanding motions.

[2] The alleged facts are not relevant to the subject matter of the other two motions.

Mark Jones, Robert Kerwin and Thomas Hood are also employees of the City of Philadelphia Police Department.  The City of Philadelphia itself is also a Defendant.

On or about October 10, 2006, Alers was assigned to the Central Detectives Unit, where Szustowicz was already working.  Amended Complaint ¶ 17.  Plaintiff Alers was the only Hispanic employee working on his assigned shift in the Central Detectives Unit.  Id. ¶ 19.  On or about October 10, 2006, Alers was subjected to remarks about his ethnicity by Defendants Kerwin and Hood through the use of "props."  Id. ¶ 18.  One "prop" was to remove files from Alers's desk and place the desk on crates in order to fashion the desk to look like a stolen stripped vehicle.  Id.  Another "prop" involved gluing coins to Alers's desk.  Id.  Alers took offense and asked Defendants Kerwin and Hood to stop; they did not.  Id. ¶ 19.  Alers reported the conduct to Defendants Jones, Seaborough, Brown, Gaitens, then-Commissioner Johnson;[3] they took no action.  Id.  Alers was subjected to "further conduct," which included the stealing of his handgun from his locked desk.  Id. ¶ 20.  Alers reported the theft to Brown and Seaborough; they took no action.  Id.

Alers was denied overtime opportunities on several occasions while other "similarly situated employees" were approved for overtime assignments.  Id. ¶ 22.  Alers was prohibited from reporting for assigned work from October 27, 2008 through October 31, 2008, and "was not paid for work that he actually preformed [sic]" by Brown or Seaborough.  Id. ¶ 23.

Alers thereafter filed complaints of discrimination and retaliation with the Philadelphia Police Department EEO Unit, the Equal Opportunity Commission, and the Pennsylvania Human Relations Commission.  Id. ¶ 24.

---

[3] The current Commissioner of Police is Defendant Charles Ramsey.

Szustowicz, who had twice been made "Detective of the Year" for her superior performance, cooperated with Alers in the prosecution of his complaints. Id. ¶ 25-26. Captain Seaborough witnessed Szustowicz "speaking with Alers just before Alers filed his employment discrimination charge with the EEO Unit." Id. ¶ 28. Following that, Seaborough changed Szustowicz's duty shift and partner. Id. Szustowicz was re-assigned to partner with a male known to dislike her and who had initiated disciplinary charges against her in the past. Id. Szustowicz was told by Captain Seaborough that the shift change was not due to performance issues, but rather was due to a "loyalty" issue. Id. ¶ 30. Szustowicz was also denied shift changes and overtime as was allowed for others. Id. ¶ 29.

Szustowicz thereafter filed a grievance with the collective bargaining unit (FOP, Lodge 5) and charges of discrimination and retaliation with the EEOC and Pennsylvania Human Relations Commission. Id. ¶ 31.

Captain Seaborough and Lieutenant Brown were aware of Alers's and Szustowicz's charges. Id. ¶ 32. After those charges were made, Seaborough and Brown accused and investigated Alers and Szustowicz for "internal work rule violations." Id. ¶ 33. As a result of that investigation, Alers and Szustowicz were issued rule violation charges, one of which was significant enough to end Szustowicz's employment. Id. The rule violation charges caused loss of wages for Alers and Szustowicz. Id. ¶ 34. The penalties were imposed by Flacco, Gaitens and Ramsey, all of whom knew of Alers's and Szustowicz's activities. Id. ¶ 35.[4]

---

[4] The Amended Complaint alludes to the fact that Alers and Szustowicz had cooperated in an investigation against Seaborough and Brown for theft of overtime, "on duty internet gambling," and activities to cover up said conduct, and that Flacco, Gaitens and Ramsey were also aware of that assistance when imposing discipline for the internal rule violations. Amended Complaint ¶ 35.

**III.    Motion to Dismiss**

    **A.    Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted).  After the Supreme Court's decision in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), "it is no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of the proscribed conduct." <u>Phillips</u>, 515 F.3d at 233 (quoting <u>Twombly</u>, 550 U.S. at 563 n. 8) (internal quotation and alteration omitted).  To withstand a motion to dismiss under Rule 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level."  <u>Phillips</u> at 234 (quoting <u>Twombly</u>, 550 U.S. at 555) (alteration omitted).  Thus, stating a claim "requires a complaint with enough factual matter (taken as true) to suggest the required element." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556) (internal quotation omitted).

    **B.    Discussion**

For purposes of clarity, the Court will address the Counts in the order that they appear in the Amended Complaint.

        **1.    Count I: Title VII Employment Discrimination, Alers & Szustowicz v. City of Philadelphia.**

Defendants move to dismiss Count I only as it relates to Plaintiff Szustowicz's claim of discrimination based on "national alienage."  The Complaint is devoid of any allegations

pertaining to Plaintiff Szustowicz's national alienage – *i.e.*, the Complaint fails to specify what Plaintiff Szustowicz's national alienage even is, let alone any alleged conduct that Plaintiff Szustowicz was subjected to on account of that national alienage.  Although not specifically argued in Defendants' motion, the Complaint is also devoid of any factual allegations concerning alleged conduct that Plaintiff Szustowicz was subjected to on account of her sex or gender – merely mentioning that Plaintiff Szustowicz is a female is insufficient to maintain a claim of discrimination.  The only possible remaining Title VII claim for Plaintiff Szustowicz is one based on race.  The Complaint mentions that Plaintiff Szustowicz is "white," but does not make any allegations concerning alleged discriminatory conduct that Plaintiff Szustowicz was subjected to due to that characteristic.  Accordingly, this Count will be dismissed as it pertains to Szustowicz.

Defendants have not moved to dismiss this Count as it pertains to Plaintiff Alers, and it shall therefore proceed.

> **2.   Count II: Title VII Retaliation, Alers and Szustowicz v. City of Philadelphia**

Defendants have not moved to dismiss this Count.

> **3.   Count III: § 1983 Retaliation, Alers and Szustowicz v. City of Philadelphia, Ramsey, Gaittens, Flacco, Abrams, Seaborough, Brown, Kerwin, Jones and Hood, and Count IV: § 1981/1983 Discrimination, Alers v. City of Philadelphia, Seaborough, Brown, Abrams, Flacco, Gaittens, Ramsey, Kerwin, Jones and Hood.**[5]

---

[5] The Court notes that the Amended Complaint fails to specify whether the individual Defendants are being sued in their personal or official capacities.  In cases where a plaintiff neglects to specify whether officials are being sued in their official or personal capacity, the court "must interpret the pleading to ascertain what plaintiff should have stated specifically." Gregory v. Chehi, 843 F.2d 111, 119 (3d Cir. 1988).  "The course of proceedings in such cases typically will indicate the nature of the liability sought to be imposed." Kentucky v. Graham, 473 U.S. 159, 165 (1985).  Here, Plaintiffs seek punitive damages, and punitive damages cannot be recovered from defendants in their official capacities. Gregory, 843 F.2d at 199-20.

Defendants have moved to dismiss these counts only as to Defendants Hood, Jones and Kerwin on the basis that the claims contained therein require "demonstration that the individual defendant had some authority or control over the [P]laintiffs' employment." Def's Mot. to Dismiss in Part at 7. To state a cause of action under § 1983, a plaintiff must plead that (1) a person acted under color of state law and (2) that person deprived the plaintiff of a right or rights secured by the U.S. Constitution or federal statutes. Anderson v. Davila, 125 F.3d 148, 159 (3d Cir. 1997); Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).[6] Plaintiffs have alleged that Defendants Hood, Jones and Kerwin were persons acting under color of state law within the definition of § 1983 who violated their rights. Whether (and, if so, to what degree) Defendants Hood, Jones and Kerwin exercised supervisory authority over Plaintiffs is a question that may be relevant to whether those Defendants are later entitled to summary judgment as a matter of law under prevailing precedent. The Court does not find authority (nor is any cited by the parties) that such a question governs at the motion to dismiss stage as opposed to summary judgment.

Accordingly, at this stage the claims will not be dismissed as to Defendants Hood, Jones and Kerwin. Defendants have failed to move to dismiss this count on any other grounds as to

---

Accordingly, based on the course of these proceedings and the demand for punitive damages, the Court will assume that the claims against the individual defendants are brought against them in their personal capacities. The Court also notes that Defendants' Motion to Dismiss in Part appears to treat the claims this way without objection from Plaintiffs in their response brief. See Def's Mot. to Dismiss in Part at 6; Pl's Resp. Br., *passim*.

[6] Section 1983 provides in pertinent part:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

any other Defendant. As such, this count will proceed.

    **4.    Count V: 42 U.S.C. § 1983 Monell Liability, Alers and Szustowicz v. City of Philadelphia.**

Defendants have moved to dismiss this Count on the ground that it is obviously duplicative of Count III. The Court agrees. The claim in Count III against the City of Philadelphia can only be maintained on a theory of Monell liability.[7] Count V is therefore duplicative of Count III and it will be dismissed.

    **5.    Count VI: Fair Labor Standards Act of 1938, Davis-Bacon Act, Alers v. City of Philadelphia**

Defendants have not moved to dismiss this Count.

    **6.    Count VII: State Claims: Pennsylvania Human Relations Act ("PHRA"); Pennsylvania Minimum Wage Act ("PMWA"); Emotional Distress [sic], Alers and Szustowicz v. City of Philadelphia, Seaborough, Brown, Abrams, Flacco, Gaittens, Ramsey, Kerwin, Jones, and Hood.[8]**

    **A.    PHRA Claim**

Defendants have moved to dismiss this claim as to Defendants Jones, Kerwin and Hood on the grounds that they are not supervisory employees. The PHRA provides that "[i]t shall be unlawful for any person ... to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice." 43 Pa. C.S.A. § 955(e) (West 2009). Plaintiff has alleged that Defendants Hood, Jones and Kerwin were persons under the PHRA

---

[7] Defendants have not moved to dismiss Count III as to the City of Philadelphia.

[8] This Count contains multiple distinct claims that are improperly grouped together. As detailed in the Court's Order, this dismissal of claims discussed herein will be without prejudice and with leave to file a Second Amended Complaint. If Plaintiffs choose to do so, Plaintiffs are cautioned to bring one count for each distinct claim. For purposes of this motion to dismiss, however, the Court will treat the claims as distinct despite being grouped in one count.

who acted unlawfully as defined therein.  Whether (and, if so, to what degree) Defendants Hood, Jones and Kerwin exercised supervisory authority over Plaintiffs is a question that may be relevant to whether those Defendants are later entitled to summary judgment as a matter of law under prevailing precedent.  The Court does not find authority (nor is any cited by the parties) that such a question governs at the motion to dismiss stage as opposed to summary judgment.

Accordingly, at this stage this claim will not be dismissed as to Defendants Hood, Jones and Kerwin.  Defendants have failed to move to dismiss on any other grounds as to any other Defendant.  As such, this claim will proceed.

### B.     PMWA Claim

Defendants have moved to dismiss this claim (1) pertaining to Plaintiff Alers, as to all Defendants other than Defendants Seaborough and Brown, and (2) pertaining to Plaintiff Szustowicz, as to all Defendants, with both arguments based on the ground that the Amended Complaint only alleges that Plaintiff Alers was not paid by Defendants Seaborough and Brown for work performed during several days.  Defendants have failed to move to dismiss on any other grounds.  Upon review, the Amended Complaint only alleges that Defendants Seaborough and Brown failed to pay Plaintiff Alers for work performed.[9]  Accordingly, this count will be dismissed except for the claim of Alers against Seaborough and Brown.

### C.     Emotional Distress [sic]

Defendants have moved to dismiss this claim on the ground that it is simply not cognizable.  The Court agrees.  Pennsylvania common law recognizes claims for either

---

[9] The Amended Complaint alleges that Szustowicz was denied the opportunity to work overtime, not that she was not paid for such work.

Intentional Infliction of Emotional Distress or Negligent Infliction of Emotional Distress, not "Emotional Distress." It is impossible to tell what claim the Plaintiffs have attempted to plead here, and, thus, whether the pleading is sufficient. It is not the job of the Court to read proper claims into an unacceptably vague Complaint. This claim will therefore be dismissed.

## IV.     Cross-Motion [sic] for Summary Judgment and Motion to Withdraw Deemed Admissions

Rule 36(a) provides that a party may serve any other party with a written request for admissions. If the party to whom the request is directed fails to respond within thirty days of service of the request, the matter is deemed admitted. Fed. R. Civ. P. 36(a). However, an admission may be withdrawn in accordance with Rule 36(b), which provides that: "Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action on the merits." Fed. R. Civ. P. 36(b).

Normally, a motion to withdraw admissions is left to the discretion of the trial court. U.S. v. Stelmokas, No. Civ. A. No. 9203440, 1995 WL 464264 (E.D. Pa. Aug. 2, 1995). A court can, at its discretion, permit what would otherwise be an untimely answer to requests for admissions. Flohr v. Pa. Power & Light Co., 821 F. Supp. 301, 306 (E.D. Pa. 1993) (citing 8 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2257 (1970 & Supp. 1992)).

Plaintiffs' Cross-Motion [sic] for Summary Judgment is predicated entirely upon the fact that Defendants did not timely respond to Plaintiff's request for admissions. The Court has

reviewed the truly voluminous request for admissions, and notes that the deemed admissions of wrongdoing and conclusions of fact and law contained therein would likely make irrelevant any possible issue of material fact that would otherwise prevent entry of judgment against Defendants.[10] The Court has also considered that imposing a grant of summary judgment based on deemed admissions at this early stage of the case would essentially be imposing a severe discovery sanction (*i.e.*, guaranteeing adverse judgment) on Defendants. Such a result would not be in accordance with the Third Circuit's general view towards sanctions. See, e.g., U.S. v. $8,221,877.16 in U.S. Currency, 330 F. 3d 141, 161 (3d Cir. 2003) (noting that entry of dismissal as a discovery sanction is a "drastic" approach that is "disfavored absent the most egregious circumstances"); Ali v. Sims, 788 F.2d 954 (3d Cir. 1986) (finding court abused its discretion in granting partial summary judgment as a sanction for delay in answering interrogatories); Sadler v. State Farm Fire and Casualty Co., No. 08cv0951, 2008 WL 4960199 (W.D. Pa. Nov. 19, 2008) (declining to grant summary judgment and granting motion to withdraw deemed admissions because to do otherwise would have been a drastic sanction not warranted under the circumstances of the case).

After careful consideration, the Court concludes that presentation of the merits of this action will be subserved by allowing the Defendants to withdraw their deemed admissions. In addition, Plaintiffs have failed to show that they have relied on the supposed admissions at issue to their detriment in this litigation. This matter is still at the earliest stages – according to the parties, an answer has not yet been filed and no depositions have been requested or taken.

---

[10] See, e.g., Anchorage Assocs. v. Virgin Island Bd. of Tax Review, 922 F.2d 168, 176 (3d Cir. 1990) ("[D]eemed admissions under [Rule 36(a)] are sufficient to support orders of summary judgment.").

11

Accordingly, withdrawal of Defendants' deemed admissions will not render Plaintiffs any less able to prove the admitted matters (*i.e.*, their case). The few cases that Plaintiffs cite for a contrary conclusion are unconvincing.

The Court will, therefore, deny Plaintiffs' Cross-Motion [sic] for Summary Judgment and grant Defendants' Motion to Withdraw Deemed Admissions.

**V.     Conclusion**

For the foregoing reasons, the Motion to Dismiss in Part will be granted in part and denied in part. The Cross-Motion [sic] for Summary Judgment will be denied. The Motion to Withdraw Deemed Admissions will be granted. An appropriate Order follows.