IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL A. ALERS and, | : | CIVIL ACTION |
| DENISE SZUSTOWICZ, | FILED | |
| Plaintiffs, | : | |
| v. | : | |
| CITY OF PHILADELPHIA, et al. | : Dep. Clerk | NO. 08-4745 |
| Defendants. | : | |

### MEMORANDUM OPINION AND ORDER

**LINDA K. CARACAPPA**
**UNITED STATES MAGISTRATE JUDGE**

I.    INTRODUCTION

Presently before the undersigned on referral from the District Court are Defendants' Motion to Compel the Return of Privileged Documents (Doc. No. 51) and Plaintiff's Opposition thereto (Doc. No. 52). Defendants seek a court order compelling plaintiff to return or destroy an emailed privileged memorandum, sent from an Assistant City Solicitor to the City of Philadelphia Police Department, which memorandum was inadvertently disclosed to opposing counsel. Plaintiff opposes the motion citing waiver.

For the reasons that follow, we find there was no waiver of attorney-client privilege, hence, defendants' motion is GRANTED.

II.    BACKGROUND

On August 13, 2009, Assistant City Solicitor Ronak R. Chokshi sent via electronic mail a memorandum to Inspector Chris Flacco of the Philadelphia Police Department. This memorandum was labeled "PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION." In the memorandum, Chokshi recommended that the police department refrain from proceeding with formal disciplinary action against plaintiff for plaintiff's failure to properly secure his weapon, in light of plaintiff's active suit against defendants and the

1

possibility that such discipline could be viewed as unlawful retaliation.

Defendants contend that they first learned that this email document had been sent inadvertently to plaintiff's counsel when plaintiff's counsel introduced the email document at a deposition on June 24, 2011. Defendants assert that this email was a part of a multi-page document produced to plaintiff as part of more than 2,000 pages of document production. On June 28, 2011, defendants sent a letter to defense counsel requesting return of the document. Defendants argue that this email is protected by the attorney-client privilege and that such privilege was not waived because defendants produced the document inadvertently.

Plaintiff contends that, prior to the June 24, 2011, deposition, plaintiff's counsel and defense counsel reviewed documents in defense counsel's office and plaintiff's counsel commented on coming across the memo at issue. Plaintiff argues that defense counsel did not assert privilege then or at the time the memo was used during the deposition. Plaintiff argues that defendants have waived privilege for the following reasons: 1) defense counsel did not timely object on privilege grounds; 2) during deposition the client asserted that he relied on the advice of counsel, such that the client affirmatively raised the information contained in the memo; and 3) defendants failed to file under seal this motion and memo such that the disclosure at issue here is now publicly available.

III.   LEGAL ANALYSIS

We first note that, under the Pennsylvania Rules of Professional Conduct, plaintiff's counsel was required to "promptly notify the sender" of the document protected by the attorney client privilege. PA.R.P.C. 4.4(b). As to any further steps plaintiff's counsel should have taken, these are questions of law. The parties dispute *when* plaintiff's counsel first informed defense counsel about the privileged document. We will not make a credibility assessment as to what happened during the document exchange, but find that plaintiff's counsel had an obligation to do more here, so as to unambiguously inform defense counsel of the inadvertent disclosure, as the document at issue was clearly and emphatically marked **"PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION."**

2

The salient issue for our review is whether defendants waived the privilege attached to the email memorandum.

Pursuant to Federal Rule of Evidence 502, disclosure of information protected by the attorney-client privilege does not operate as a waiver if the disclosure was inadvertent, the holder of the privilege took reasonable steps to prevent disclosure, and the holder of the privilege took reasonable steps to rectify the error. Further, the Third Circuit has applied a 5-part test to determine whether an inadvertent disclosure results in a waiver of the privilege: (1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of the document production; (2) the number of inadvertent disclosures; (3) the extent of the disclosure; (4) any delay and measures taken to rectify the disclosure; and (5) whether the overriding interests of justice would or would not be serviced by relieving the party of its errors. Fidelity and Deposit Co. of Md. v. McCulloch, 168 F.R.D. 516, 521 (E.D. Pa. 1996). In light of these factors, we find defendants have not waived the privilege.

This is not a situation where the disclosure with attorney-client warning was transmitted directly to plaintiff's counsel; rather, defendants contend that this email was attached as a part of a multi-page document *and* the disclosure here was one page of approximately 2,000 pages produced. Defendants assert that they are not aware of any other inadvertent disclosure. Only four days after the memorandum was used during deposition, defendants sent plaintiff's counsel a letter via email concerning the disclosure requesting that defense counsel return the document. We find this request timely. Compare Carbis Walker v. Hill, 930 A.2d 573 (Pa. Super. 2007)(significant delay in rectifying situation found where counsel who received inadvertent disclosure notified opposing counsel that he may have received something inadvertently, but opposing counsel did not respond or take further action for *18 days*).

Finally, the "overriding interests of justice" compel us to find that defendants have not waived the privilege. Again, the document at issue was clearly marked in bold face and capital letters, "PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION." Surely, even if plaintiff's counsel believed defense counsel knew that

3

this document was produced, plaintiff's counsel should have, at a minimum, discussed with defense counsel his intention to use this privileged document prior to depositions.

Plaintiff did not address the above five-factor test in arguing that defendants waived the privilege. However, plaintiff has presented other arguments contending that waiver occurred. We shall reject plaintiff's arguments in turn.

Plaintiff first argues that during the deposition of Deputy Police Commissioner John J. Gaittens, defendants waived the privilege because Gaittens asserted reliance on the advice of counsel. More specifically, plaintiffs argue that when Gaittens was asked why the police department did not pursue discipline of plaintiff for plaintiff's failure to properly secure his weapon, Gaittens responded that counsel advised the department not to adjudicate the discipline. There is legal support for plaintiff's claim that a party can waive the attorney-client privilege by asserting claims or defenses that puts counsel's advice in issue. See Rhone-Poulenc Rorer Inc. v. Home Indemnity Co., 32 F.3d 851, 863 (3d Cir. 1994).

In order to waive the privilege on this basis, the court has stated that there must be disclosure or description of an attorney client communication. Id. After review of the deposition excerpts, we find that plaintiff, *and not defendants*, brought up the subject of why further discipline was not pursued with regard to plaintiff. We find that plaintiff elicited this testimony from Gaittens to set up a "gotcha" moment when plaintiff could then utilize the privileged memorandum. With further questioning by plaintiff's counsel, Gaittens read information directly from the memorandum that plaintiff's counsel handed him. The deposition does not read in such a way that Gaittens, or defendants, put the reliance on advice of counsel into issue.

Further, plaintiff relies on the case of Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1994) to support the claim that reliance on the advice of counsel can cause waiver of the privilege. This case is not helpful here. In Glenmede, the attorney-client privilege indeed was waived. However, the party seeking to retain the privilege had *voluntarily* turned over an attorney's opinion letter during document production, in addition to raising the reliance

on counsel's advice defense.

Plaintiff next argues that defendants did not timely assert a privilege objection, such that privilege was waived. While defendants contend that they notified plaintiff's counsel via letter on June 28, 2011, plaintiff contends that it did not know of the objection until June 30, 2011. We note that defense counsel's letter is dated June 28, 2011; however, whether four or six days passed after the deposition, we emphasize as we did above with respect to the five-factor test, that defendants notified plaintiff within a reasonable amount of time.

Lastly, plaintiff argues that defendants have waived privilege by failing to file the instant motion under seal. We recognize that it would have been a better practice for defendants to have filed this motion under seal. However, we do not find this dispositive. The protection of privilege ultimately belongs to the client and what really is at stake here is the potential for adverse use of privileged material in litigation, or elsewhere.

In light of the above, we GRANT defendants' motion, after finding that privilege has not been waived. We ORDER plaintiff to return the document to defendants and to destroy any copies thereof. We will not order the testimony concerning the memorandum stricken from the notes of testimony, however, if the privileged memorandum was affixed to the notes of testimony as an exhibit thereto, we order its immediate removal, and return to defense counsel.

Finally, plaintiff and plaintiff's counsel are prohibited from using this memorandum in any context, unless specifically permitted by future order of the court.

An order follows: