**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DENISE SZUSTOWICZ       :       **CIVIL ACTION**

      **v.**       :

      :       **NO. 08-4745**

**CITY OF PHILADELPHIA**       :

## <u>MEMORANDUM</u>

RICHARD A. LLORET
U.S. MAGISTRATE JUDGE                December 11, 2015

       Plaintiff, Denise Szustowicz, has moved to vacate the referral of this matter to Magistrate Judge Lloret. Doc. No. 130 ("referral order"); Doc. No. 168 (plaintiff's "Notice" of her intention to revoke consent); *see* 28 U.S.C. § 636(c)(4). For the reasons outlined below, I will deny the motion.

       This case has a long history, beginning in 2008 with the filing of a complaint by Philadelphia Detectives Miguel Alers and Denise Szustowicz. Eventually the district court granted defendant's motion for summary judgment as to all but the second count of the amended complaint, leaving that count for trial. Doc. No. 76. The parties consented to referral of the case to a Magistrate Judge, and the case was assigned to Magistrate Judge Sitarski. Doc. No. 89; 121. The consent form provided as follows:

> In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P.73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in the case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

Doc. No. 121.

       At the outset of Magistrate Judge Sitarski's tenure on the case, she disclosed her previous employment at the City of Philadelphia Solicitor's office, and the fact that she had hired Nicole Morris, counsel in this case for the City of Philadelphia. *See* Doc. No.

134, at, 3. At a pre-trial conference shortly before trial, Plaintiff's counsel advised that his client was concerned about Magistrate Judge Sitarski's previous employment for the City of Philadelphia. *Id.* Judge Sitarski then recused herself from the case, and the case was assigned to me by the Clerk's random assignment process. Doc. Nos. 128 (recusal) 130 (reassignment).

I then held various pre-trial hearings and ultimately presided over the trial of the case, at which a jury awarded the plaintiff $265,000 in compensatory damages. Doc. No. 160 (verdict). Immediately after the trial, allegations of jury misconduct arose. Upon receipt of emails from counsel, I issued an order the next day, October 16, 2015, directing both parties not to communicate with, or receive communications from, any jurors. Doc. No. 165. I also scheduled a hearing, the purpose of which was to take up the issue of potential juror misconduct during *voir dire*, and to question the juror if necessary.

In addition, based upon an informal request from the Clerk's office to amend the caption, since the plaintiff, Miguel Alers, had been dismissed from the case, as well as all remaining defendants save the City of Philadelphia, I entered an order amending the case caption to "Denise Szustowicz v. City of Philadelphia." Doc. No. 166. I also issued an order directing the parties to address the question whether the verdict should be reduced to a judgment, in light of the fact that the plaintiff's claims for back-pay and front-pay still remained to be adjudicated. Doc. No. 171.

After entry of these orders, the plaintiff filed a "Notice" on October 19, 2015 containing the following line:

> 3. Revocation of consent to proceed before a magistrate judge and request the case be returned to the district court.

Doc. No. 168, at 1. Plaintiff did not elaborate any basis for revocation of consent. I will deem this "notice" a motion to vacate the reference of this matter, under 28 U.S.C. § 636(c)(4).

I held a telephone conference on October 19, 2015 and rescheduled the hearing on the juror misconduct issue for November 2, 2015, with the consent of both parties. I also entered an order providing for a briefing schedule and directing the parties to address several outstanding issues before the hearing. Doc. No. 177.

Title 28, United States Code, Section 636(c)(4) provides that "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection." The immediate question is who should rule on the motion to vacate reference. *Compare Sockwell v. Phelps*, 906 F.2d 1096, 1097 (5th Cir. 1990) ("Clearly, the magistrate had the jurisdiction and power to permit the withdrawal of consent as he did") *with Wharton-Thomas v. United States*, 721 F.2d 922, 927 (3d Cir. 1983) ("Even consensual reference of a case to a magistrate may be vacated by a district judge, either *sua sponte* or in some circumstances on motion of the parties. *Id.* § 636(c)(6).")

The effect of a consensual referral under 28 U.S.C. § 636(c)(1) is to vest the Magistrate Judge with authority to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." Absent the consent of the parties and an order of the District Judge, the Magistrate Judge has authority to decide certain motions, but has no authority to take certain actions, such as enter summary judgment or judgment upon a verdict after trial. *See* Fed. R. Civ. P. 72(a).

Once a referral on consent has occurred, the Magistrate Judge acts as "the court" from that point forward. Title 28 U.S.C. § 636(c)(4) says that "the court" may vacate a

reference. The grant of authority by the referral order in this case, and under the statute, is to conduct "any and all proceedings . . . and order the entry of judgment." Doc. No. 130 (referral order). The motion to vacate the reference is certainly a "proceeding" within the ambit of the authority granted by statute, by consent of the parties, and by the specific order in this case.

Fed. R. Civ. P. 73(b) provides that "[o]n its own for good cause--or when a party shows extraordinary circumstances--the district judge may vacate a referral to a magistrate judge under this rule." Subdivision (a) of the Advisory Committee Notes to Rule 73 states that the rule

> implements the broad authority of the 1979 amendments to the Magistrates Act, 28 U.S.C. § 636(c), which permit a magistrate to sit in lieu of a district judge and exercise civil jurisdiction over a case, when the parties consent . . . The only exception to a magistrate's exercise of civil jurisdiction, which includes the power to conduct jury and nonjury trials and decide dispositive motions, is the contempt power.

Subdivision (c) of the Advisory Committee Notes says Rule 73(b) "reiterates the provision in 28 U.S.C. § 636(c)(6)[1] for vacating a reference to the magistrate." The Advisory Committee Notes contradict the idea that the use of the phrase "district judge," in Rule 73(b) was meant to divest the magistrate judge of the "broad authority" granted under 28 U.S.C. § 636(c)(1). The Advisory Committee Notes state that Rule 73(b) was intended to "reiterate[]" the statutory power to vacate reference, not restrict the exercise of the power to only a "district judge." Such a restriction would have the awkward effect of giving a magistrate the power to deny a motion to vacate, under the general statutory grant of authority to conduct "all proceedings," but not the power to vacate. Nor did *Wharton-Thomas* decide this issue. There, the Third Circuit noted the power of a

---

[1] The language permitting vacation of a reference formerly appeared in section 636(c)(6).

district judge to vacate a reference as part of its comparison between a magistrate's connection with the district court and a bankruptcy judge's. 721 F.2d at 927. The court did not purport to decide whether a magistrate judge could rule on a motion to vacate reference.

After the motion to vacate reference was filed, I questioned counsel about who should decide the motion, myself or Judge Jones, who referred the case. At the November 2, 2015 hearing, both counsel indicated that they would leave that decision up to the court. N.T. 11/2/2015, at 53-54.

I find that I have the power to decide this motion to withdraw, as I have the power to decide all other motions in this case,[2] based on the terms of the referral order and the statute. *See Sockwell v. Phelps*, 906 F.2d 1096, 1097 (5th Cir. 1990) ("Clearly, the magistrate had the jurisdiction and power to permit the withdrawal of consent as he did"); *Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1019-20 (5th Cir. 1987) (magistrate judge denied a motion to vacate reference filed the day before trial); *Gilmore v. Lockard*, 2015 BL 397466, 2 (E.D. Cal. Dec. 3, 2015) (magistrate judge denied a motion to vacate reference).

"Federal Rule of Civil Procedure 73(b) provides that this Court may vacate its reference to a magistrate judge on motion of a party only under 'extraordinary circumstances.'" *Frank v. County of Hudson*, 962 F. Supp. 41, 43-44 (D. N.J. 1997) (quoting Fed. R. Civ. P. 73(b)); *see Lorenz v. Valley Forge Ins. Co.,* 815 F.2d 1095, 1097 (7th Cir. 1987) (an order permitting plaintiffs to amend the complaint to increase the punitive damages demand from $150,000 to $10,000,000 was not an extraordinary

---

[2] Except contempt proceedings, which are governed by special rules under 28 U.S.C. § 636(e).

circumstance). A Court on its own may vacate a reference only for good cause.  Fed. R. Civ. P. 73(b).

Plaintiff has not pointed to any "extraordinary circumstances" that justify vacating the reference. The brief objections to certain post-trial rulings contained in plaintiff's "Notice" do not amount to "extraordinary circumstances" that would justify vacating the reference. *See Milhous v. Metro. Govt. of Nashville & Davidson County*, 221 F.3d 1335 (6th Cir. 2000) (disagreement with a ruling is not an extraordinary circumstance that would justify vacating a reference.) "Defendant has embarked on a voyage in a ship commanded by a captain of its own choosing. The vessel will stay the course to its port of destination." *Doe v. Natl. Bd. of Med. Examiners*, CIV. A. 99-4532, 2001 WL 1003206, at *8 (E.D. Pa. Aug. 14, 2001).

Nor is there good cause to vacate the reference on my own. *See* Fed. R. Civ. P. 73(b). To the contrary, I find that vacating the reference would cause needless delay. *See Jurado v. Klein Tools, Inc.*, 755 F. Supp. 368, 371 (D. Kan. 1991). Under the circumstances of this case, reassignment to yet a third judge would be a substantial and unjustified burden on the court. I presided over the trial, and any judge to whom this case would be assigned would have nothing but a cold record from which to decide pending post-trial issues.

I will enter an order denying the motion to vacate the reference. Plaintiff's recourse is an appeal. *See* 28 U.S.C. § 636(c)(3).

BY THE COURT:

  s/Richard A. Lloret
HON. RICHARD A. LLORET
U.S. Magistrate Judge

6